IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOLOMON SOLOMON,           )<br>    Plaintiff,                                )<br>vs.                                                 )      No. 3:13-CV-4558-M-BH<br>                                                     )<br>BRAD SHACKLEFORD, et. al,        )<br>    Defendants.                           )      Referred to U.S. Magistrate Judge | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for screening. Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

### I. BACKGROUND

The plaintiff filed his complaint in this action on November 14, 2013. (*See* doc. 3.) On that date, the Court issued a *Notice of Deficiency and Order* advising him that he had not filed his complaint on the proper form. (*See* doc. 6.) It gave him thirty days to file his action on the proper form, and it specifically warned him that failure to comply with the order could result in dismissal of the case. *Id.* More than thirty days have passed since the date of the order, but the plaintiff has not filed his complaint on the proper form. Nor has he filed anything else in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated November 14, 2013, the plaintiff was given thirty days to file his complaint on the proper form. He

was specifically warned that failure to do so could result in dismissal of the case. Because he failed to comply with this order, the case should be dismissed.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff files his amended complaint within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 23rd day of December, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2